UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND



**FILED**

JUN 26 2026

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARIE DELVA and JEAN MARIE DELVA,

Plaintiffs,

v.

PREFERRED PROPERTY SOLUTIONS, LLC, et al.,

Defendants.

Civil Action No. 1:26-cv-00084

## DEFENDANT LOWELL WILLIAMS' ANSWER AND AFFIRMATIVE DEFENSES

Defendant Lowell Williams ("Defendant"), appearing pro se, answers the Complaint as follows:

### PRELIMINARY STATEMENT

Defendant denies that he committed any fraud, misrepresentation, conspiracy, racketeering activity, usury, deceptive trade practice, fraudulent transfer, foreclosure rescue scheme, or any other unlawful act alleged in the Complaint.

Defendant's involvement was limited to introducing Plaintiffs to another individual whom Defendant believed might be able to assist them regarding their real estate matter. Defendant was not the lender, purchaser, decision-maker, closing attorney, escrow agent, title company, or principal to the transaction at issue.

Defendant did not prepare, draft, negotiate, approve, or require execution of the purchase and sale agreement, deed, loan documents, settlement statement, or closing documents. Defendant did not control the terms of any agreement entered into between Plaintiffs and any other Defendant.

Defendant did not knowingly make any false representation of material fact, conceal any material information, or intentionally induce Plaintiffs to enter into any transaction through fraud, deception, coercion, or false pretenses.

### GENERAL DENIAL

Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint not specifically admitted.

To the extent the Complaint alleges that Defendant participated in a conspiracy, foreclosure rescue scheme, fraudulent lending arrangement, equitable mortgage, usurious loan,

racketeering enterprise, or fraudulent transfer, Defendant expressly denies those allegations and demands strict proof thereof.

To the extent the Complaint characterizes communications or documents in a manner inconsistent with their actual contents, Defendant states that the documents and communications speak for themselves and denies any contrary characterization.

Defendant denies any allegation concerning the intent, motive, knowledge, or state of mind attributed to Defendant that is inconsistent with the facts.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Defendant.

SECOND AFFIRMATIVE DEFENSE

Defendant did not owe Plaintiffs a fiduciary duty beyond any duty imposed by applicable law.

THIRD AFFIRMATIVE DEFENSE

Defendant neither directed nor controlled the transaction complained of and did not possess authority to determine the terms, conditions, documentation, funding, or closing of the transaction.

FOURTH AFFIRMATIVE DEFENSE

Defendant made no fraudulent misrepresentation, knowingly false statement, or material omission upon which Plaintiffs reasonably relied.

FIFTH AFFIRMATIVE DEFENSE

Defendant lacked the requisite intent necessary to establish fraud, conspiracy, civil racketeering, deceit, or any other intentional tort alleged in the Complaint.

SIXTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiffs were caused by the acts or omissions of persons other than Defendant, over whom Defendant exercised no authority or control.

SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses as discovery proceeds.

PRAYER FOR RELIEF

WHEREFORE, Defendant Lowell Williams respectfully requests that this Court:

A. Dismiss all claims asserted against Defendant with prejudice;

B. Enter judgment in favor of Defendant on each count of the Complaint;

C. Award Defendant costs as permitted by law; and

D. Grant such other and further relief as the Court deems just and proper.

JURY DEMAND

Defendant demands trial by jury on all issues so triable.

Respectfully submitted,

Lowell Williams
 Defendant, Pro Se

6-26-26