UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARIE DELVA and JEAN MARIE DELVA, <br><br> Plaintiffs, <br><br> v. <br><br> PREFERRED PROPERTY SOLUTIONS, LLC; KYLE SEYBOTH; CHRIS MESSIER; LOWELL WILLIAMS; RED BALLOON CAPITAL, LLC; and SEYBOTH REAL ESTATE TEAM, INC., <br><br> Defendants. | CIVIL ACTION NO. 1:26-cv-84 |

## DEFENDANTS', PREFERRED PROPERTY SOLUTIONS, LLC, KYLE SEYBOTH, RED BALLOON CAPITAL, LLC, and SEYBOTH REAL ESTATE TEAM, INC.'S, ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants, Preferred Property Solutions, LLC ("PPS"), Kyle Seyboth ("Seyboth"), Red Balloon Capital, LLC ("Red Balloon"), and Seyboth Real Estate Team, Inc. (Seyboth Real Estate Team") (collectively, the "Defendants"), answer Plaintiffs', Marie Delva and Jean Marie Delva ("Plaintiffs"), Complaint as follows:

## I.    INTRODUCTION

1.    Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

B0147857.7

2.      Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint, and furthermore state that it was Joana Delva who signed a Purchase and Sales agreement for purchasing the home, not the Plaintiffs.

4.      Defendants deny that this text is the terms of the transaction that was closed.  Denied as to Defendant Seyboth and/or Seyboth entities ever agreeing to this text.  Denied as to Defendant Seyboth and/or Seyboth entities ever being involved in negotiations with the Delvas.  Denied as to the allegation that Defendant Seyboth ever directed Lowell Williams.

5.      Defendants deny that this text is the terms of the transaction that was closed.  Denied as to Defendant Seyboth and/or Seyboth entities ever agreeing to this text.  Denied as to Defendant Seyboth and/or Seyboth entities ever being involved in negotiations with the Delvas.  Denied as to the allegation that Defendant Seyboth ever directed Lowell Williams.

6.      Defendants deny that this text is the terms of the transaction that was closed.  Denied as to Defendant Seyboth and/or Seyboth entities ever agreeing to this text.  Denied as to Defendant Seyboth and/or Seyboth entities ever being involved in negotiations with the Delvas.  Denied as to the allegation that Defendant Seyboth ever directed Lowell Williams.

7.    Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8.    Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.    Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10.    Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

## II.    PARTIES

11.    Defendants deny the characterization of Plaintiff Marie Delva's English proficiency as "limited".  Defendants admit any remaining allegations set forth in Paragraph 11 of the Complaint.

12.    Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13.    Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.    Defendants admit the allegations set forth in Paragraph 14 of the Complaint.

15.    Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants admit the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants admit the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants admit the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants admit the allegations set forth in Paragraph 20 of the Complaint.

## III.   JURISDICTION AND VENUE

21. Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants admit the allegations set forth in Paragraph 22 of the Complaint.

## IV.   FACTUAL ALLEGATIONS

### A. 58 Pekin Street, Its Owners, Family, and Mortgage Obligation

23. Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

24.   Defendants admit the allegations set forth in Paragraph 24 of the Complaint.

25.   Defendants admit the allegations set forth in Paragraph 25 of the Complaint.

26.   Defendants admit the allegations set forth in Paragraph 26 of the Complaint.

27.   Defendants admit the allegations set forth in Paragraph 27 of the Complaint.

## B. Defendants' "Foreclosure Rescue" Scheme

28.   Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.   Defendants deny the allegation of this transaction being a "scam" and fitting this description.

30.   Defendants deny the allegation of this transaction being a "scam" and fitting this description.

31.   Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.   Defendants admit the allegations set forth in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

### C. Initial Solicitation and Deceptions

34.    Defendants admit that Thelma Howard worked for Defendant Seyboth. Defendants deny that these were actions taken by her with Defendant Seyboth's knowledge or under his supervision.

35.    Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.    Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.    Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

### D. June 9 Rescue Offer

41.    Defendants admit Lowell Williams sent this text but deny that Defendant Seyboth or the Seyboth entities were aware of it at the time. Defendants deny that this represents the terms of the agreement.

### E. June 21 Meeting with Lowell Williams

42.    Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.    Defendants admit the allegations set forth in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

### F. The Purchase and Sale Agreements

47.    Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.    Defendants admit the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants aver that the document speaks for itself in Paragraph 49 of the Complaint.

50. Defendants aver that the document speaks for itself in Paragraph 50 of the Complaint.

51. Defendants aver that the document speaks for itself in Paragraph 51 of the Complaint.

52. Defendants admit the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants aver that the document speaks for itself and leave the Plaintiffs to their proof in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 55 of the Complaint and, accordingly, deny the same.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

**G. July 24 Meeting and Alleged Sale**

58. Defendants leave the Plaintiffs to their proof as to allegations contained in Paragraph 58 of the Complaint.

59. Defendants admit the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants admit the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants aver that the document speaks for itself in Paragraph 66 of the Complaint.

67. Defendants admit the allegations set forth in Paragraph 67 of the Complaint.

68.    Defendants deny that Plaintiff Marie Delva said that she did not want to sell the Property.  Defendants aver that the document speaks for itself in Paragraph 68 of the Complaint.

69.    Defendants aver that the document speaks for itself in Paragraph 69 of the Complaint.

70.    Defendants aver that the document speaks for itself in Paragraph 70 of the Complaint.

71.    Defendants aver that the document speaks for itself in Paragraph 71 of the Complaint.

72.    Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.    Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.    Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

**H. Events Following the Alleged Sale**

76.    Defendants admit the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendants admit the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.     Defendants admit the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendants deny as to any belief of ownership by the Delvas. Defendants leave the Plaintiffs to their proof as to the modifications and remaining allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants leave the Plaintiffs to their proof as to the allegations set forth in Paragraph 84 of the Complaint.

85.     As Defendant Preferred Property Solutions owns the Property, defendants deny as to "contention."  Defendants leave the Plaintiffs to their

proof as to the remaining allegations set forth in Paragraph 85 of the Complaint.

86.     Defendants leave the Plaintiffs to their proof as to the allegations set forth in Paragraph 86 of the Complaint.

87.     Defendants aver that the document speaks for itself in Paragraph 87 of the Complaint.

88.     Defendants aver that the document speaks for itself in Paragraph 88 of the Complaint.

89.     Defendants aver that the document speaks for itself in Paragraph 89 of the Complaint.

90.     Defendants admit that Defendant Seyboth is an owner of Elevator Properties. As to the remaining allegations, Defendants aver that the document speaks for itself in Paragraph 90 of the Complaint.

91.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 91 of the Complaint and, accordingly, leave the Plaintiffs to their proof.

92.     Defendants aver that the document speaks for itself in Paragraph 92 of the Complaint.

**I.  Aftermath of the Alleged Sale**

93. Defendants admit the allegations set forth in Paragraph 93 of the Complaint.

94. Defendants admit as to there being an assented-to temporary restraining order upon the sale of the Property, which was ultimately dismissed. Defendants deny the allegation that Defendant Seyboth or Seyboth entities ever violated the Rhode Island Deceptive Trade Practices Act.

95. Defendants admit the allegations set forth in Paragraph 95 of the Complaint.

96. Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97. Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98. Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

## V. CAUSES OF ACTION

### A. COUNT 1: RECHARACTERIZATION AS EQUITABLE MORTGAGE

99. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 98 as if fully set forth herein.

100. Defendants deny that this transaction was a loan to the Delvas.

101.   Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102.   Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

103.   Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.   Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.   Defendants admit that the Delvas continued to occupy the Property after the sale to Preferred Property Solutions.  Defendants deny that the Delvas' use was consistent with ownership of the Property.

106.   Defendants admit the allegations set forth in Paragraph 106 of the Complaint.

107.   Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

### B. COUNT II:  USURY

108.   Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 107 as if fully set forth herein.

109.   Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110. Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111. Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

### C. COUNT III:  R.I. Gen. Laws § 9-1-2

112. Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 111 as if fully set forth herein.

113. Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114. Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115. Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

116. Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

117. Defendants deny the allegations set forth in Paragraph 117 of the Complaint.

118. Defendants deny the allegations set forth in Paragraph 118 of the Complaint.

### D. COUNT IV:  RHODE ISLAND RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

119.  Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 118 as if fully set forth herein.

120.  Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

121.  Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122.  Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123.  Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

### E. COUNT V:  FRADULENT TRANSFER

124.  Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 123 as if fully set forth herein.

125.  Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

126.  Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127.  Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128.  Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129.  Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130.  Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

131.  Defendants deny the allegations set forth in Paragraph 131 of the Complaint.

### F.  COUNT VI:  DECLARATORY JUDGMENT

132.  Defendants reassert and incorporate their responses to the allegations contained in Paragraph Nos. 1 through 131 as if fully set forth herein.

133.  Defendants deny the allegations set forth in Paragraph 133 of the Complaint.

134.  Defendants deny the allegations set forth in Paragraph 134 of the Complaint.

135.  Defendants admit the allegations set forth in Paragraph 135 of the Complaint.

136.  Defendants deny the allegations set forth in Paragraph 136 of the Complaint.

137.  Defendants aver that the allegation set forth in Paragraph 137 contains a legal conclusion to which no response is required.

138.  Defendants deny the allegations set forth in Paragraph 138 of the Complaint.

139.  Defendants deny the allegations set forth in Paragraph 139 of the Complaint.

140.  Defendants deny the allegations set forth in Paragraph 140 of the Complaint.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Defendants, Preferred Property Solutions, LLC, Kyle Seyboth, Red Balloon Capital, LLC, and Seyboth Real Estate Team, Inc. respectfully request that:

a.    Plaintiffs' Complaint be dismissed;

b.    Judgment be entered in favor of Defendants, Preferred Property Solutions, LLC, Kyle Seyboth, Red Balloon Capital, LLC, and Seyboth Real Estate Team, Inc. and against Plaintiffs;

c.    Defendants, Preferred Property Solutions, LLC, Kyle Seyboth, Red Balloon Capital, LLC, and Seyboth Real Estate Team, Inc. be awarded costs, expenses and, if appropriate, attorneys' fees; and

d.    Defendants Preferred Property Solutions, LLC, Kyle Seyboth, Red Balloon Capital, LLC, and Seyboth Real Estate Team, Inc. be awarded such other and further relief as the Court deems appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

By pleading the following as defenses, Defendants do not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiffs retain the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish any alleged damages.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred based upon the fraud and deceit committed by the Delvas.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, based upon misrepresentation by the Delvas.

### SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their own acts and/or omissions.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unjust enrichment.

### RESERVATION OF DEFENSES

Defendants reserve the right to assert additional defenses as they may become evident during the course of discovery or during further investigation into the background of this matter.

**Defendants demand a trial by jury.**


Dated:         June 30, 2026              Respectfully submitted,


                                          Defendants,

                                          Preferred Property Solutions, LLC;
                                          Kyle Seyboth; Red Balloon Capital,
                                          LLC; and The Seyboth Real Estate
                                          Team, Inc.,

                                          By their attorneys,


                                          */s/ Nicholas J. Hemond*
                                          Nicholas J. Hemond, Esq. (#8782)
                                          Laura A. Nicholson, Esq. (#8440)
                                          DarrowEverett LLP
                                          One Turks Head Place, Suite 1200
                                          Providence, RI 02903
                                          Tel.: (401) 453-1200
                                          Fax.: (401) 453-1201
                                          nhemond@darroweverett.com
                                          lnicholson@darroweverett.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document through this Court's electronic filing system and served this document on Plaintiff's counsel through email at the following address:

Steven J. Boyajian, Esq. (#7263)
Robinson & Cole LLP
One Financial Plaza -14th Floor
Providence, RI 02903
sboyajian@rc.com

                                          */s/ Susan Loporchio*          .