UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARIE DELVA and JEAN MARIE DELVA,

     Plaintiffs,

v.

PREFERRED PROPERTY SOLUTIONS, LLC; KYLE SEYBOTH; CHRIS MESSIER; LOWELL WILLIAMS; RED BALLOON CAPITAL, LLC, and SEYBOTH REAL ESTATE TEAM, INC.,

No. 1:26-cv-84

DEFENDANT CHRISTOPHER MESSIER'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant Christopher Messier ("Messier"), by and through undersigned counsel, hereby answers the Complaint filed by Plaintiffs Marie Delva and Jean Marie Delva ("Plaintiffs"), and states as follows:

ANSWER

INTRODUCTION

1. Defendant denies the allegations contained in Paragraph 1.

2. Defendant denies the allegations contained in Paragraph 2.

3. Defendant denies the allegations contained in Paragraph 3.

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 and therefore denies same.

1

5.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 and therefore denies same.

6.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 and therefore denies same.

7.    Defendant admits only that certain documents relating to the Property were executed in or around June and July 2023, but otherwise denies the allegations contained in Paragraph 7.

8.    Defendant denies the allegations contained in Paragraph 8.

9.    Defendant denies the allegations contained in Paragraph 9.

10.    Defendant denies the allegations contained in Paragraph 10.

## PARTIES

11.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 and therefore denies same.

12.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 and therefore denies same.

13.    Defendant admits that Preferred Property Solutions, LLC is a foreign limited liability company registered to conduct business in Rhode Island, but otherwise lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 13.

14.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 as they relate to other parties and therefore denies same.

15.    Defendant admits that he is licensed to do business in Rhode Island as a real estate salesperson and further admits that he is identified as a member and/or manager of Preferred Property Solutions, LLC, but otherwise denies the allegations contained in Paragraph 15.

16.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 and therefore denies same.

17.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 and therefore denies same.

18.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 and therefore denies same.

19.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 and therefore denies same.

20.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 and therefore denies same.

## JURISDICTION AND VENUE

21.    Defendant admits that Plaintiffs purport to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1334(b), but denies any allegations inconsistent therewith.

22.    Defendant admits that venue is alleged to be proper in this Court pursuant to 28 U.S.C. § 1409.

## FACTUAL ALLEGATIONS

23.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 and therefore denies same.

24.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 and therefore denies same.

25.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 and therefore denies same.

26.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 and therefore denies same.

27.    Defendant denies the allegations contained in Paragraph 27.

28.    Defendant denies the allegations contained in Paragraph 28.

29.    Defendant states that Paragraph 29 quotes or paraphrases an alleged publication and therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations.

30.    Defendant states that Paragraph 30 quotes or paraphrases an alleged publication and therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations.

31.    Defendant denies the allegations contained in Paragraph 31.

32.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 and therefore denies same.

33.    Defendant denies the allegations contained in Paragraph 33.

34.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 and therefore denies same.

35.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 and therefore denies same.

36.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 and therefore denies same.

37.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 and therefore denies same.

38.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 and therefore denies same.

39.     Defendant denies the allegations contained in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 and therefore denies same.

42.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 and therefore denies same.

43.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 and therefore denies same.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 and therefore denies same.

47.     Defendant admits that certain purchase and sale agreements were executed, but otherwise denies the allegations contained in Paragraph 47.

48.     Defendant admits that a purchase and sale agreement referenced a purchase price of $100,000, but otherwise denies the allegations contained in Paragraph 48.

49.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 and therefore denies same.

50.     Defendant admits that the June 28 P&S speaks for itself and denies any characterization inconsistent therewith.

51. Defendant admits that the June 28 P&S speaks for itself and denies any characterization inconsistent therewith.

52. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 52 and therefore denies same.

53. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 and therefore denies same.

54. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 54 and therefore denies same.

55. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 55 and therefore denies same.

56. Defendant admits that a June 29 P&S was executed, but otherwise denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 58 and therefore denies same.

59. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 59 and therefore denies same.

60. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 60 and therefore denies same.

61. Defendant denies the allegations contained in Paragraph 61.

62. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 62 and therefore denies same.

63. Defendant denies the allegations contained in Paragraph 63.

64.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 64 and therefore denies same.

65.     Defendant admits that closing documents included a deed and settlement statement, but otherwise denies the allegations contained in Paragraph 65.

66.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 66 and therefore denies same.

67.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 67 and therefore denies same.

68.     Defendant denies the allegations contained in Paragraph 68.

69.     Defendant denies the allegations contained in Paragraph 69.

70.     Defendant denies the allegations contained in Paragraph 70.

71.     Defendant admits that documents executed at closing purported to transfer title to the Property to Preferred Property Solutions, LLC.

72.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 72 and therefore denies same.

73.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 73 and therefore denies same.

74.     Defendant denies the allegations contained in Paragraph 74.

75.     Defendant denies the allegations contained in Paragraph 75.

76-98. Defendant denies each and every allegation contained in Paragraphs 76 through 98 except as expressly admitted herein.

<u>RESPONSES TO CAUSES OF ACTION</u>

COUNT I – RECHARACTERIZATION AS EQUITABLE MORTGAGE

99-107. Defendant repeats and incorporates his foregoing responses as though fully set forth herein and denies that Plaintiffs are entitled to any relief under Count I.

COUNT II – USURY

108-111. Defendant repeats and incorporates his foregoing responses as though fully set forth herein and denies that Plaintiffs are entitled to any relief under Count II.

COUNT III – R.I. GEN. LAWS § 9-1-2

112-118. Defendant repeats and incorporates his foregoing responses as though fully set forth herein and denies that Plaintiffs are entitled to any relief under Count III.

COUNT IV – RHODE ISLAND RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

119-123. Defendant repeats and incorporates his foregoing responses as though fully set forth herein and denies that Plaintiffs are entitled to any relief under Count IV.

COUNT V – FRAUDULENT TRANSFER

124-131. Defendant repeats and incorporates his foregoing responses as though fully set forth herein and denies that Plaintiffs are entitled to any relief under Count V.

COUNT VI – DECLARATORY JUDGMENT

132-140. Defendant repeats and incorporates his foregoing responses as though fully set forth herein and denies that Plaintiffs are entitled to any relief under Count VI.

<u>AFFIRMATIVE DEFENSES</u>

Without assuming any burden not otherwise imposed by law, Defendant asserts the following affirmative defenses:

1.  The Complaint fails to state a claim upon which relief may be granted.

9

2. Plaintiffs' claims are barred, in whole or in part, by waiver, estoppel, ratification, consent, acquiescence, and/or unclean hands.

3. Plaintiffs voluntarily executed the agreements and closing documents at issue.

4. Plaintiffs' alleged damages, if any, were caused in whole or in part by the acts or omissions of persons or entities other than this Defendant.

5. Plaintiffs failed to mitigate their alleged damages.

6. Defendant acted at all times in good faith and in compliance with applicable law.

7. Plaintiffs' claims may be barred by applicable statutes of limitation, statutes of repose, and/or other time limitations.

8. The subject agreements and documents speak for themselves and may not be contradicted by parol evidence except as permitted by law.

9. Plaintiffs are barred from recovery to the extent they received and retained benefits under the transactions complained of.

10. Defendant reserves the right to assert additional affirmative defenses as discovery proceeds.

WHEREFORE, Defendant Christopher Messier respectfully requests that this Honorable Court:

A. Dismiss the Complaint with prejudice;
B. Enter judgment in favor of Defendant on all counts;
C. Award Defendant his costs and attorneys' fees as permitted by law; and
D. Grant such other and further relief as this Court deems just and proper.

JURY DEMAND
Defendant Christopher Messier hereby demands trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT,

CHRISTOPHER MESSIER
By his Attorneys,

_____
Albert E. Medici, Jr., Esq.
MEDICI & SCIACCA, P.C.
1312 Atwood Avenue
Johnston, RI 02919
Tel:  401-946-3910
Fax: 401-942-4918
Email:  am@mslaw-pc.com

Dated:  July 9, 2026